IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1-15-cv-873 |
| v. | ) ) | C O M P L A I N T |
| AUSTIN'S FEC, LLC AND AUSTIN ENTERTAINMENT CENTER, LP D/B/A AUSTIN'S PARK N PIZZA, | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of disability and to provide appropriate relief to Michael Resendez ("Resendez"). As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission ("the Commission") alleges that Defendant, Austin's FEC, LLC and Austin Entertainment Center, LP d/b/a Austin's Park N Pizza ("Defendant") unlawfully discriminated against Mr. Resendez by failing to reasonably accommodate his disability and by terminating his employment based on his disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA,

42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3.     The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a Delaware corporation, doing business in the State of Texas and the City of Pflugerville, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

6.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Mr. Resendez filed a charge with the Commission alleging violations of the ADA by Defendant.

8.      On September 26, 2014, after conducting an investigation of the allegations set out in Mr. Resendez' charge, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     On March 27, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.     Since at least October 18, 2013, Defendant has engaged in unlawful employment practices at its facility in Austin, Texas, in violation of Title I of the ADA, 42 U.S.C. §12112(a) and (b). These practices include, but are not limited to:

(a)     failing or refusing to provide Mr. Resendez with a reasonable accommodation for his disability, based on physical and mental impairments, including but not limited to an intellectual disability, resulting in his termination of employment;

(b)     terminating the employment of Mr. Resendez because of his disability; and

(c)     failing to pay Mr. Resendez for all wages earned because of his disability.

13.     Mr. Resendez is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Mr. Resendez had been employed by

Defendant since 2009, performing maintenance and custodial work. At all relevant times, Mr. Resendez was qualified to perform the essential functions of his job.

14.     Mr. Resendez has a physical impairment, in the form of permanent traumatic brain injury caused by encephalopathy, that substantially limits Mr. Resendez in a number of major life activities, including brain functioning, learning, reading, concentrating, thinking, communicating, interacting with others, and caring for himself.  Mr. Resendez lives with his mother and legal guardian, Teresa Resendez, whom he relies on for care and support.

15.     After approximately four years of successful employment, during February 2013, Mr. Resendez experienced some difficulties logging in and out of work after Defendant implemented a new computerized timekeeping system.

16.     During June 2013, when Teresa Resendez noticed that the employee, Mr. Resendez, had not been paid for several months of work, she communicated with Defendant's general manager, Sean Milberger, to determine why Mr. Resendez had not been paid. Defendant maintained that Mr. Resendez had not been logging on to the new timekeeping system properly.

17.     When the Defendant raised issues regarding Mr. Resendez's difficulties with their requirements for recording the employee's time, Ms. Resendez, on behalf of the employee, requested specific and reasonable alternative processes for clocking into work; however, the Defendant refused to consider such accommodations.

18.     Defendant refused to implement alternative methods for keeping track of Mr. Resendez' work hours. Instead, on October 18, 2013, Defendant discharged Mr. Resendez.

19.     When the Defendant terminated Mr. Resendez's employment, the employer did not pay Mr. Resendez for his final two weeks of work.

20.     The effect of the practices complained of in paragraphs 12 through 19 above has been to deprive Mr. Resendez of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability.

21.     The unlawful employment practices complained of in paragraphs 12 through 19 above were and are intentional.

22.     The unlawful employment practices complained of in paragraphs 12 through 19 above were and are done with malice or with reckless indifference to the federally protected rights of Michael Resendez.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully request that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by: (1) failing to provide reasonable accommodations; and (2) engaging in any other employment practice which discriminates on the basis of disability;

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant to make whole Mr. Resendez, by providing all unpaid wages owed to Mr. Resendez and appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Mr. Resendez;

D.      Order Defendant to make whole Mr. Resendez, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 19 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

E.      Order Defendant to make whole Mr. Resendez, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 19 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.      Order Defendant to pay Mr. Resendez punitive damages for engaging in discriminatory practices with malice or reckless indifference to Mr. Resendez' federally protected rights, as described in paragraphs 12 through 19 above, in an amount to be determined at trial;

G.      Order Defendant and its successors to reasonably accommodate disabled employees;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

Original Complaint                                                                          6

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ David Rivela
by permission of Robert A. Canino
_____

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


/s/ David Rivela
by permission of Edward Juarez
_____

EDWARD JUAREZ
Supervisory Trial Attorney
Texas State Bar No. 24014498


/s/ David Rivela
_____

DAVID RIVELA
Senior Trial Attorney
Texas State Bar No. 00797324
E-mail: david.rivela@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**